IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MARIANO OROZCO VARGAS, § | | |
| TDCJ-CID NO. 886358, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION V-07-0087 |
| § | | |
| MARIA B. FERMAN, et al., § | | |
| § | | |
| Defendants. § | | |

## **MEMORANDUM OPINION AND ORDER**

Mariano Vargas, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a complaint under 42 U.S.C. § 1983 alleging wrongful seizure of his property. Upon reviewing the complaint and Vargas's responses to the Order for More Definite Statement, this court has determined that this action should be dismissed as frivolous.

Vargas names his former girlfriend Maria B. Ferman along with Susan M. Bynam and Victor Hugo Avalos as defendants in his 42 U.S.C. § 1983 complaint. Vargas alleges that, while he was in jail during 1999, Ferman wrote several checks out of his Chase Bank account and cashed them despite the fact that he had not authorized the checks. Vargas contacted Susan Bynam, a fraud investigator at Chase, concerning the stolen funds. Although Bynum initially assured Vargas that the matter would be resolved, she stated that the bank needed documentation to verify the claims. Vargas claims that he never recovered any of the lost money. Ferman also allegedly tried to force Vargas to sign documents transferring his property to her, including his house.[1] Vargas refused to

---

[1] Apparently, Ferman sought retribution because she believed that Vargas had abused her daughter.

sign any deeds or releases but Ferman managed to obtain a forged deed to the house, and Vargas's other property was sold pursuant to a court order.  Vargas contends that Avalos, the prior owner of the house in question, is culpable for the wrongful transfer.  Vargas states that he purchased the house from Avalos in 1996; however, the house was still recorded under the name of Avalos's mother.  *See* Docket Entry No. 7, at 2.  Avalos requested that Vargas change the name of the title holder because his mother did not want her name on the deed.  Vargas at first asked Avalos for two weeks to change the records and then requested that an individual named Lionar Martinez Linares be listed as the titleholder.  *Id.*  Avalos responded that he would have nothing to do with the name change, and Vargas's further efforts to change the title were unsuccessful.  Vargas later found out from an investigator that Ferman's name was on the title.  Vargas seeks return of his lost property as well as all funds that were taken from him.

Vargas has failed to show that the alleged wrongs are attributable to state action.  To state a claim under § 1983, the plaintiff must allege a violation of rights secured by the Constitution or laws of the United States and demonstrate that the alleged deprivation was committed by a person acting under color of state law.  *Moore v. Willis Independent School Dist.*, 233 F.3d 871, 874 (5th Cir. 2000), *citing Lefall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994).  There is no cause of action if the plaintiff does not show that the alleged deprivation is fairly attributable to the state's involvement.  *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)  Vargas admits in his More Definite Statement that none of the defendants are state actors or government officials.  Docket Entry No. 7, at 3.  Therefore, the defendants cannot be held liable under 42 U.S.C. § 1983 without a showing that they acted under color of law.  *See Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743 (5th Cir. 2001).

Moreover, this action involves an alleged wrongful taking of property. Generally, such allegations do not support a cause of action where the state provides a remedy. *Hudson v. Palmer*, 104 S.Ct. 3194 (1984); *Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988). Vargas may seek redress in an appropriate state court. *See Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995).[2] This civil rights action which has been filed *in forma pauperis* shall be dismissed with prejudice because it has no legal basis. 28 U.S.C. § 1915(e).

## Conclusion

Therefore, the court **ORDERS** the following:

1. This prisoner civil rights complaint, filed by Mariano Orozco Vargas, TDCJ-CID # 886358, is **DISMISSED**. 28 U.S.C. § 1915(e)(2)(B).

2. The Clerk is directed to provide a copy of this Memorandum and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and the *Pro Se* Law Clerk for the United States District Court, Eastern District of Texas, Tyler Division, 2ll West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 15th day of January, 2008.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

---

[2] Vargas may be barred from seeking relief in state courts due to the fact that the alleged events occurred during 1999. In Texas, the statute of limitations period is two years after the date on which the cause of action arose. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). If that is the case, he would also be time-barred from seeking relief in a federal civil rights proceeding. *Id.*; *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998), *citing Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).